# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Amaal Rahim A.,

        Plaintiff,

v.

Andrew Saul,
*Commissioner of Social Security*,

        Defendant.

Case No. 18-cv-03026-KMM

**ORDER**

Amaal A. has appealed from the denial of her application for Social Security disability benefits. Ms. A and the Commissioner filed cross-motions for summary judgment. (ECF 16, 18.) On November 14, 2019, the Court heard oral argument and then ruled from the bench at the hearing. The Court carefully explained its reasoning on the record, which is incorporated herein by reference, and this Order is intended to briefly memorialize that ruling.

The Court's evaluation of an ALJ's determination is performed with great deference. *See Kelley v. Barnhart*, 372 F.3d 958, 960 (8th Cir. 2004). The Court only reviews the ALJ's conclusions to determine whether they are consistent with the law and whether they are supported by substantial evidence in the record as a whole. *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006); *Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005). The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999). Where substantial evidence supports the Commissioner's findings, the Court cannot reverse those findings merely because other evidence exists in the record to support the opposite conclusion. *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994).

In her motion, Ms. A. argued that the ALJ committed four legal errors: (1) dismissing the testimony of the medical expert Dr. James Felling as it applied to subjective complaints; (2) dismissing Ms. A's testimony without analyzing her credibility pursuant to the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984); (3) failing to give appropriate weight to the opinion of her treating provider, Dr. Claire Saad; and (4) reaching a finding of non-disability unsupported by

substantial evidence. The Court found that these arguments did not carry the day for several reasons.

The Court observed that Ms. A's first two arguments were closely related, and rejected them both. First, the ALJ did not dismiss Dr. Felling's testimony as it applied to Ms. A's subjective complaints but agreed with Dr. Felling's conclusion that the subjective complaints were inconsistent with the objective evidence in the record. Second, while the ALJ did not methodically discuss every factor set forth in *Polaski*, he acknowledged and considered the relevant facts before properly discounting Ms. A's subjective complaints. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As the Court explained, the ALJ discussed several ways in which Ms. A's subjective complaints were not supported by the objective medical evidence and discounted those complaints based on inconsistencies in the record as a whole.

As to Ms. A's third argument, the Court concluded that the ALJ did not err in the weight he afforded to Dr. Saad's opinion because he found it to be inconsistent with substantial evidence in the record. The Court explained that it had carefully reviewed the record and found this conclusion to be well-supported. Finally, the Court explained that the ALJ's overall decision is supported by substantial evidence on the record as a whole. The Court will not disturb the denial of benefits simply because a judge might have reached a different conclusion if he or she had been the initial finder of fact. *Bradley v. Astrue,* 528 F.3d 1113 (8th Cir. 2008). The Court explained that the ALJ's decision that Ms. A is not disabled within the meaning of the Social Security Act is well within the acceptable "zone of choice," and Ms. A's arguments to the contrary are unavailing.

Accordingly, for the reasons stated on the record at the hearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED

2. Defendant's Motion for Summary Judgment (ECF No. 18) is GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 19, 2019             *s/ Katherine Menendez*
                                     Katherine Menendez
                                     United States Magistrate Judge